```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

LAWRENCE J. MILLS, et al.        :       CIVIL ACTION
                                 :
          v.                     :
                                 :
GOLDEN NUGGET ATLANTIC CITY,     :       NO. 19-19610
LLC, et al.                      :

                          MEMORANDUM

Bartle, J.                                    December 20, 2021

        Before this court is the second motion of plaintiffs Lawrence J. Mills and Daniel Chun for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure against defendants Richard Wheeler, Lance Moorhouse, and Carl Smallwood.  Plaintiffs claim that defendants, New Jersey State Police officers, violated their rights under the Fourth Amendment of the United States Constitution against unreasonable searches.  These claims stem from the arrest of plaintiffs at the Golden Nugget casino in Atlantic City, New Jersey on November 2, 2017.

        On August 18, 2021, this court granted in part and denied in part plaintiffs' first motion for partial summary judgment and granted and denied in part defendants' motions for summary judgment.  Plaintiffs now move for summary judgment as

to liability on Count XXIV in which plaintiffs allege defendants committed unreasonable searches of their persons.[1]

I

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986).  We view the facts and draw all inferences in favor of the nonmoving party.  See In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

Summary judgment is granted when there is insufficient record evidence for a reasonable factfinder to find for the nonmovant.  See Anderson, 477 U.S. at 252.  "The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient; there must be evidence on which

---

[1]. Following this court's August 18, 2021 Memorandum and Order, Count VIII (battery) remains on behalf of Chun and against Wheeler.  Plaintiffs did not move for summary judgment on Count XXIV in their first motion for summary judgment.  The court later granted leave to plaintiffs to file a motion for summary judgment on that count.  That motion is currently before the court.

the jury could reasonably find for [that party]." Id. In addition, Rule 56(e)(2) provides "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion." Fed. R. Civ. P. 56(e)(2).

II

The facts of this action were set forth in greater detail in this court's Memorandum granting and denying summary judgment on August 18, 2021. The following facts as relevant to the instant motion are undisputed.

In November 2017, Chun, Mills, and some friends traveled from Maryland to Atlantic City, New Jersey for vacation. They stopped at the Golden Nugget casino. Chun had not met Mills before this trip. At the time, Golden Nugget was running a promotion where it would match in bonus money the amount a person deposited up to $1,000. On November 2, Chun opened an internet gaming ("i-gaming") account with Golden Nugget and deposited $1,000 in cash at the Golden Nugget cage in the casino. This money was a loan from Mills.

After Chun had set up his account and deposited the money, he went to the casino's Wine and Wi-Fi Lounge where he was unable to log-in to his account to start playing. He called customer service and the casino's technical support multiple

3

times and followed their instructions for waiting before logging in again. Mills was on his computer in the lounge at the time. After unsuccessfully attempting to log-in following these calls, Chun went to the cashier to request his money back but could not withdraw the funds because his account was frozen.

Golden Nugget personnel found it suspicious that multiple individuals had come in a row in person to place the same amount on online gaming into newly created accounts instead of depositing money in person for the casino floor or depositing money online for i-gaming accounts. The surveillance manager for Golden Nugget, Virginia Carr, prepared a so-called DICE report the morning of November 2, 2017 for "suspicious activity." The report states that "Monitor Room advised in past hour or so 6 deposits of $1,000 each made on i-Gaming accounts. Mostly from Maryland." After a DICE report is created, it is sent to the Division of Gaming Enforcement of the New Jersey State Police ("Division"). Carr did not speak to any members of law enforcement after filing the report and had nothing to do with the report after she filed it.

The Division receives many DICE reports, and it is up to the State Police whether to follow up on a report with a phone call or a visit to the casino to investigate it further. In this instance, defendant Detective Sergeant Richard Wheeler went to the casino to follow up on this DICE report. Wheeler

works for the New Jersey State Police in the Casino Gaming Bureau and was in the Financial Crimes Unit at the time. Wheeler sees a lot of DICE reports and does not pursue every one, but he decided to do so in this case. He informed his supervisor, defendant Detective Sergeant Carl Smallwood, that he wanted to investigate this matter further because of potentially fraudulent activity.

Wheeler and Smallwood went to the casino and proceeded to the Wi-Fi lounge where they saw an individual later identified as Mills sitting on the couch with a computer and communicating to two other people nearby. Wheeler and Smallwood surveilled Mills and the others before Wheeler called for backup. Defendant Detective Sergeant Lance Moorhouse then arrived at the casino with other officers as backup. The officers conferred and surveilled Mills in the lounge who was using his phone and computer.

Eventually Moorhouse and Smallwood followed to the parking garage the people who had been talking to Mills. Wheeler and another officer, Lieutenant Michael Flory, subsequently joined them. Upon Wheeler's orders and with Smallwood's approval, Moorhouse and Smallwood stopped a person who was later identified as Chun along with his friends in the garage by their car. Wheeler then arrived on the scene and arrested Chun.

Chun testified that he was "slammed from behind against the car door" by Wheeler and was put on the ground and handcuffed without explanation. Once on the ground, Chun testified that the officers searched him before putting him in a van about twenty to thirty minutes later and transporting him and his friends to the police station. He was later released without charge.

During Chun's arrest and with Smallwood's approval, Wheeler called another officer, Mark Devine, who was surveilling Mills and told Devine that he had probable cause based on the totality of the circumstances to arrest Mills for a scam. Based on Wheeler's orders, Devine and another officer, Michael Nelson, approached Mills, arrested him, and searched him before transporting him to the police station where he was placed in a holding cell area, fingerprinted, and interviewed.

III

Plaintiffs allege in Count XXIV that defendants violated their Fourth Amendment rights against unreasonable searches pursuant to 42 U.S.C. § 1983 when they arrested and searched plaintiffs without probable cause. Section 1983 permits a plaintiff to bring a claim for a violation of a right secured by the Constitution or laws of the United States committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

The Fourth Amendment to the United States Constitution provides "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause."[2]  U.S. Const. amend. IV.

The Supreme Court has explained that "[i]t is well settled that a search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment."  United States v. Robinson, 414 U.S. 218, 224 (1973).  "It is the fact of the lawful arrest which establishes the authority to search."  Id. at 235.

The critical aspect of this exception to the warrant requirement is the existence of a lawful arrest.  This court has already determined that the arrests of both Mills and Chun were not lawful and violated their Fourth Amendment rights because there was not probable cause to support either arrest.  See Mills v. Golden Nugget Atlantic City, LLC, 2021 WL 3667075 (D.N.J. Aug. 18, 2021).  The searches of Mills and Chun incident to their unlawful arrests were therefore also violations of their Fourth Amendment rights.

---

2.  The due process clause of the Fourteenth Amendment extends the protections of the Fourth Amendment to the states.  See Mapp v. Ohio, 367 U.S. 643, 655 (1961).

7

Plaintiffs on summary judgment must not only prove that there is no genuine dispute of material fact but also that they are each entitled to judgment as a matter of law on this claim against each defendant. See Fed. R. Civ. P. 56(a). "[A] plaintiff alleging that one or more officers engaged in unconstitutional conduct must establish the 'personal involvement' of each named defendant to survive summary judgment and take that defendant to trial." Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 285 (3d Cir. 2018). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Mills alleges that Wheeler was personally involved in his unconstitutional search because Wheeler directed Devine to arrest Mills despite the lack of probable cause. Chun claims that Wheeler was personally involved in his unconstitutional search by ordering his arrest without probable cause. Chun also claims that Wheeler himself searched Chun.

While supervisor liability pursuant to the doctrine of respondeat superior is not available under § 1983, "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate

them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014), rev'd on other grounds, Taylor v. Barkes, 575 U.S. 822 (2015).

It is undisputed that Wheeler led the investigation of Mills and Chun at the Golden Nugget, ordered Devine to arrest Mills, told Moorhouse to prevent Chun from leaving, and arrested Chun upon arriving in the parking garage. Wheeler directed the arrest of Mills despite lacking probable cause to believe that a crime had occurred or was about to occur. In addition, while there is genuine dispute of fact as to which officer or officers actually searched Chun, Wheeler indisputably directed that Chun be seized and participated in his unlawful arrest. He was therefore personally involved in the arrest of both plaintiffs by directing the arrest of Mills without probable cause, directing the arrest of Chun without probable cause, and participating in Chun's unlawful arrest.

As for the subsequent searches incident to these unlawful arrests, it is an uncontested "right on the part of the Government, always recognized under English and American law, to search the person of the accused when legally arrested." Maryland v. King, 569 U.S. 435, 449 (2013). This doctrine has "an ancient pedigree" that pre-dates the founding of this

9

nation.  Birchfield v. North Dakota, 136 S. Ct. 2160, 2174 (2016).

Based on this long tradition of searches incident to arrest, Wheeler would certainly have known that when he ordered the arrests of plaintiffs that they would both be searched incident to those arrests.  He gave these orders despite lacking probable cause for these arrests and with full knowledge that plaintiffs would be searched as a result of their arrests.  It is undisputed that Wheeler was personally involved in the search of both Mills and Chun based on his direction for them to be arrested despite the lack of probable cause knowing full well that they would also be searched as a result of those unlawful arrests.  Accordingly, summary judgment on the issue of liability will be granted in favor of Mills and Chun and against Wheeler on Count XXIV for an unreasonable search.

As for Smallwood, plaintiffs assert that he too was personally involved in their searches by approving these searches and seizures and assisting Moorhouse and Wheeler in seizing Chun.  Smallwood testified that he was Wheeler's supervisor and that Wheeler would not arrest or detain someone without his consent.  Smallwood also testified that it was fair to say that the decision to arrest or detain both plaintiffs was made by both him and Wheeler.  Based on Smallwood's position of being in charge and agreement to arrest Mills and Chun despite

the lack of probable cause, Smallwood was personally involved in the unconstitutional searches of plaintiffs. Accordingly, summary judgment on the issue of liability will be granted in favor of Mills and Chun and against Smallwood on Count XXIV for an unreasonable search.

Finally, Chun contends that Moorhouse should also be held liable on Count XXIV for an unreasonable search because he was involved in Chun's arrest. Genuine dispute remains, however, as to which officer or officers searched Chun. Moorhouse was present at and participated in Chun's arrest in the parking garage alongside Smallwood and Wheeler. Chun testified that the officers told him to sit down, handcuffed him, and searched him. Chun also described an officer who came up to him while he was sitting on the ground and looked through his personal items. Genuine disputes of material fact remain regarding Moorhouse's personal involvement in searching Chun. Chun's motion for summary judgment against Moorhouse will therefore be denied.